IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA VALENTINE, Plaintiff, | **8:26CV329** |
| vs. | **MEMORANDUM AND ORDER** |
| CAVALRY SPVI, LLC, Defendant. | |

Plaintiff filed a Complaint on July 8, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Cavalry SPVI, LLC ("Cavalry") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. In its entirety, Plaintiff's Complaint alleges the following:

> Annex hereto is the third time "Cavalry SPVI, LLC" has contacted Plaintiff regarding a debt that they claim that I owe Home Depot. We never borrow any money from Cavalry SPVI, LLC, which is a third party. Wherefore, we pray that this Court enjoin the defendants from trying to collect this debt "ALA" 15 USC 1692.

Filing No. 1 at 1 (spelling and capitalization corrected).

Plaintiff attached to the Complaint a letter from Gurstel Law Firm in which Cavalry is identified in the subject line as the "Current Creditor" and "Citibank, N.A./The Home Depot" is identified as the "Original Creditor." *Id*. at 3. The body of the letter consists of the following:

> Dear Sir or Madam:
>
> Enclosed, please find a copy of our firm's Motion and Affidavit for Default Judgment, Certificate of Service, and proposed Order which have been filed with the court.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*Id*. The Motion and Affidavit for Default Judgment, Certificate of Service, and proposed Order referred to in the law firm's letter are also attached to the Complaint and are captioned in the County Court of Douglas County, Nebraska, Case No. CI26-11427, with Cavalry listed as the plaintiff, and Plaintiff listed as the defendant. *Id*. at 2, 4–5. Also attached to the Complaint is an Order of Default Judgment dated June 25, 2026, and signed by a Douglas County Court Judge finding "the Debtor," Plaintiff, in default and entering a judgment of $7,926.06 plus court costs and post judgment interest against and due from Plaintiff. *Id*. at 9.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[

] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS

Plaintiff purports to bring this action against Cavalry under the FDCPA. The purpose of the FDCPA, 15 U.S.C. §§ 1692 *et seq*., is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "For a violation of the FDCPA, a plaintiff must prove: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; [and] (3) the defendant has

engaged in an act or omission prohibited by the FDCPA." *Reynolds v. Credit Mgmt. Servs., Inc.*, No. 8:14CV391, 2016 WL 756469, at *2 (D. Neb. Feb. 25, 2016) (citing *Pace v. Portfolio Recovery Assocs., L.L.C.*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012)). The FDCA defines a "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Debt collectors" who fail to comply with the FDCPA may be held liable for actual damage incurred from the violation, plus damages not exceeding $1,000 "in the case of any action by an individual." 15 U.S.C. § 1692k(a)(1)–(2)(A).

Here, Plaintiff does not allege any facts to show that Cavalry is a "debt collector" within the meaning of the FDCPA. All the Court can infer from Plaintiff's allegations and the attachments to her Complaint is that Cavalry is not the original creditor of the debt at issue, but Plaintiff does not allege any facts whatsoever to suggest that Cavalry collects debts for other, unrelated entities, or that its principal business is to collect debts as defined in 15 U.S.C. § 1692a. "Plaintiff must do more than merely plead legal conclusions; [s]he must plead facts sufficient to establish that Defendant is a 'debt collector.'" *Whitledge v. Carrington Mortg. Servs., LLC*, No. 15-CV-2686, 2015 WL 6561731, at *6 (D. Minn. Oct. 5, 2015), *report and recommendation adopted*, No. 15-2686, 2015 WL 6561493 (D. Minn. Oct. 29, 2015).

Additionally, even when liberally construed, Plaintiff's minimal, conclusory allegations do not suggest that Cavalry committed any acts that violated the FDCPA. The FDCA prohibits, among other things, "the use or threat of violence, obscene

language, publication of shame lists, and harassing or anonymous telephone calls. . . . Debt collectors cannot use false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1246 (8th Cir. 2006) (internal quotation and citations omitted). Nothing in Plaintiff's Complaint nor in the attached documents suggests conduct by Cavalry that violates the FDCPA. *See Stone*, 364 F.3d at 914 ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." (internal citations omitted)).

Because of these pleading deficiencies, the Court finds that Plaintiff has failed to plead sufficient facts to state a plausible claim for relief under the FDCPA, and her Complaint is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). However, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief under the FDCPA against Cavalry and addresses the deficiencies discussed above. Plaintiff is advised that any amended complaint she files will supersede her original Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 16, 2026**: deadline for amended complaint.

5. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 16th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge